IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARILYN WETHERINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-861-WKM-CWB |
| | ) |
| CHAD WISWELL, | ) |
| | ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, Senior United States District Judge W. Keith Watkins previously referred this case to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 2). For the reasons set forth below, the undersigned recommends that the case be dismissed without prejudice.

**I.  Background**

Plaintiff Marilyn Wetherington, *pro se*, commenced this action on October 23, 2020 and seeks to recover for roof damage allegedly caused when an air conditioning unit was installed by "Chad's AC Direct," which she alleges is owned by Defendant Chad Wiswell. (Doc. 1). On November 17, 2020, Plaintiff filed an amendment to the Complaint. (Doc. 3). It appears that the only change made by the amendment was an increase from $52.00 to $400.00 in the request for court costs. (Doc. 1; Doc. 3). Both versions of the Complaint otherwise contain a specific request for compensatory damages in the amount of $1,500.00. (*Id*.).

By Order entered March 31, 2021, the court noted that Defendant had not yet appeared. (Doc. 7). Plaintiff thus was directed to either (1) dismiss her claim, (2) move for default, or

(3) advise the court that she wished to proceed.  (*Id*.).  Plaintiff thereafter submitted a response that, in pertinent part, stated "PLEASE KEEP THIS CASE ACTIVE AS IT HAS NOT BEEN RESOLVED!"  (Doc. 8).  On June 4, 2021, the court entered a second Order to inform Plaintiff that her prior submission had not been responsive to the first Order and that she was directed to "comply with the court's order to file one of the three above-enumerated documents."  (Doc. 9).  Plaintiff further was informed that "[f]ailure to do so may result in dismissal of this action."  (*Id*.).

The docket shows no further activity in the intervening fourteen-month period.

**II.**     **Legal Standard**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action when a plaintiff disregards the court's directives or otherwise fails to prosecute the action:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  The authority to dismiss an action under Rule 41(b) has been interpreted as also permitting a court to *sua sponte* enter a dismissal even when such relief has not been requested by a defendant.  *See, e.g., Brutus v. Internal Revenue Serv.*, 393 F. App'x 682, 683-84 (11th Cir. 2010).  "*Sua sponte* dismissal is appropriate 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.'"  *Id*.  (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir.2009)).  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion."  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (emphasis added).

**III.     Discussion**

It is clear from the record that Plaintiff has shown blatant disregard for the directives of the court.  Although she did file a request to "PLEASE KEEP THIS CASE ACTIVE" in response to the court's Order of March 23, 2021, Plaintiff has been completely silent in response to the court's June 4, 2021 instructions to elect between the three specifically enumerated courses of action. (Doc. 9).  On that basis alone, and in light of the court's admonition regarding the potential consequences from a failure to comply, dismissal of this action would be well warranted under Rule 41(b).

The larger issue with allowing the action to proceed, however, is one of jurisdiction. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guaridan Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction … .").  As potentially applicable to this case, a showing of jurisdiction must be based upon a "federal question" pursuant to 28 U.S.C. § 1331 or upon "diversity of citizenship" pursuant to 28 U.S.C. §1332.  A review of the record reveals that neither jurisdictional basis exists.

With respect to federal question jurisdiction, the Complaint (either in its initial or amended form) makes no assertion that the claim for relief is predicated upon federal law.  Nor has the court's independent review uncovered any issue that could be construed as "arising under the Constitution, laws, or treaties of the United States."  The court thus cannot be deemed to have jurisdiction under 28 U.S.C. § 1331.

Evaluation of diversity jurisdiction in this case is slightly more complex but leads to the same conclusion that jurisdiction is lacking. Although "residence" and "citizenship" are not synonymous, *Maier v. Green Eyes USA, Inc.*, 845 F. App'x 869, 875 (11th Cir. 2021) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)), Plaintiff does identify herself as a resident of Florida and Defendant as a resident of Alabama—suggesting that complete diversity of citizenship might exist. Yet, regardless of whether Plaintiff and Defendant are in fact diverse in their citizenship, the amount in controversy falls substantially short of the $75,000.00 threshold for invoking jurisdiction under 28 U.S.C. 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs … ."). With the amount in controversy having been listed as $1,500.00 plus costs in both iterations of the Complaint (Doc. 1; Doc. 3), diversity jurisdiction is unavailable.

Because Plaintiff has failed to invoke the jurisdiction of the court, this case simply cannot be permitted to proceed in a federal forum.[1]

## IV. Conclusion

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

---

[1] The court observes that Plaintiff filed her claim using a standardized form made available through the State of Alabama Unified Judicial System for actions to be filed in the District Civil division of an appropriate Alabama state court. (Doc. 1; Doc. 3). It therefore is possible that Plaintiff mistakenly commenced this action in the United States District Court rather than the District Court of Montgomery County.

It is further ORDERED that, by September 6, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 23rd day of August 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**